# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**CECILE JACKSON**,

    Plaintiff,

        **vs.**

**FRANK KENDALL, SECRETARY**,
United States Department of the Air
Force,

    Defendants.

Civil Court Case No:
**3:23-cv-03881-MCR-HTC**

## PLAINTIFF'S MOTION FOR WORD ENLARGEMENT

Plaintiff Cecile Jackson, proceeding pro se, respectfully moves this

Court for leave to file a post-judgment motion exceeding the 8,000-word

limit set forth in Local Rule 7.1(F).

## 1. JURISDICTION

Federal courts have consistently recognized that district courts retain

inherent authority to address new but related issues post-judgment,

even during the pendency of appellate proceedings. In *Standard Oil Co.*

*of Cal. v. United States*, 429 U.S. 17, 18 (1976), the Supreme Court held

Page 1 of 6

that district courts may consider such matters, provided they do not interfere with the appellate Court's jurisdiction.

Therefore, Plaintiff respectfully submits that the Northern District of Florida retains jurisdiction over this post-judgment matter, despite the pending appellate proceedings (docketed January 8, 2025), particularly as it involves issues that could not have been addressed previously and are necessary to ensure fairness in the judicial process.

## 2. PROPOSED LENGTH JUSTIFICATION

Prior case briefings were granted word enlargements of up to 15,000 to address complex issues. The forthcoming motion exceeds that complexity:

### A. Scope and Complexity

The forthcoming motion addresses interrelated post-judgment matters involving multiple entities, each subject to distinct legal and regulatory frameworks. These issues require a comprehensive analysis of new facts and arguments, exceeding the complexity of prior filings.

### B. Procedural History

The procedural history of this case is complicated, further exacerbated by voluminous and disorganized filings, which Defense characterized as

a "haphazard document dump" (Attachment 1, Conferral). Additional words are necessary to distinguish newly discovered matters from prior issues and ensure a clear and accurate Court record.

## C. Pro Se Considerations

As a pro se litigant, Plaintiff faces inherent challenges in navigating composite legal and procedural matters without the resources of experienced counsel. Courts have consistently acknowledged the need to liberally construe and accommodate pro se filings to ensure fairness. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); T*annenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A word limit extension will allow Plaintiff to fully and fairly articulate the related, new legal and factual issues.

## 3.  RES JUDICATA COMPLIANCE

Established precedents confirm that the doctrine of res judicata does not bar the litigation of new facts or legal issues that could not have been raised earlier (*Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 328 (1955)), to which the forthcoming motion aligns.

## 4.  REQUESTED RELIEF

Plaintiff respectfully requests leave to file a motion of up to 20,000 words. ***Plaintiff acknowledges*** the unusual nature of this request and assures the Court that every effort has been made to streamline arguments, eliminate unnecessary repetition, and adhere to res judicata.

## CONFERRAL STATEMENT

Pursuant to Local Rule 7.1(B), Plaintiff conferred with Defense counsel, who objected unless "substantive arguments were articulated." Rule 7.1(B) governs procedural conferral and does not require pre-disclosure of arguments, as premature disclosure would be prejudicial; an agreement was not reached.

## CERTIFICATE OF COMPLIANCE: WORD LIMIT

The undersigned certifies that the foregoing complies with Local Rule 7.1(F) and contains ~429 words, excluding the case style, signature block, and required certificates.

Respectfully submitted,

DATED:   January 9, 2025          /s/ *Cecile Jackson*
                                  Cecile Jackson
                                  Plaintiff, **Pro Se**
                                  2551 Salamanca Street
                                  Navarre, FL 32566
                                  email: jacksonLegalCase@gmail.com
                                  Telephone: (850) 341-9285

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CASE NO: **3:23-cv-03881-MCR-HTC**

## <u>CERTIFICATE OF SERVICE</u>

I, Cecile Jackson, do hereby CERTIFY that a true and correct copy of the

foregoing **Plaintiff's Motion for Word Enlargement** has been furnished to the

following in the manner specified on January 9, 2025:

1.  Clerk, U. S. District Court
    1 North Palafox Street, Room 226
    Pensacola, FL 32502-5658
    Sent *via*: CM/ECF by Court Clerk

2.  Andrew Jabus Grogan
    DOJ-USAO
    Northern District of Florida
    111 N. Adams Street, 4th Floor
    Tallahassee, FL 32301
    Email: andrew.grogan@usdoj.gov
    Lead Attorney
    Sent *via*: CM/ECF by Court Clerk

DATED: January 9, 2025.  /s/ *Cecile Jackson*

Cecile Jackson
Plaintiff, *Pro Se*
2551 Salamanca Street
Navarre, FL 32566
email: jacksonLegalCase@gmail.com
Telephone: (850) 341-9285

Page 6 of 6

# Attachment 1

 **Outlook**

---

**Re: Motion for Word Enlargement: 3:23-cv-03881**

---

**From** Grogan, Andrew (USAFLN)
**Date** Thu 12/19/2024 9:39 PM
**To** Cecile LegalCase

Ma'am,

I cannot conceive how you need 15,000 words to make arguments which have not yet been made. Once again, we are not going to agree to the additional words unless you articulate at least in summary fashion what arguments you intend to make which have not been made before, which you are refusing to do.

Sincerely,

Andrew Grogan
Assistant U.S. Attorney

---

**From:** Cecile LegalCase
**Sent:** Thursday, December 19, 2024 10:33 PM
**To:** Grogan, Andrew (USAFLN)
**Subject:** [EXTERNAL] Re: Motion for Word Enlargement: 3:23-cv-03881

Hello, Mr. Grogan.

Thank you for your response and for engaging in this discussion regarding my request for a word limit increase. I appreciate your efforts to confer meaningfully under Local Rule 7.1(b).

As previously stated, and in good faith to resolve the word limit issue, my request is procedural and stems from the need to address the complexity of the issues, including new, related, and distinct matters that were not addressed in prior filings. This includes, but is not limited to:

- Procedural matters requiring detailed legal and factual analysis.

- New developments or evidence that have not been presented or adjudicated.

- Related issues that must be clearly articulated to provide the Court with a complete understanding of the relevant context.

These distinct categories of issues - procedural matters, new developments, and related contextual issues - each require careful exposition to ensure the Court has a complete record for its consideration. The requested 15,000-word limit would allow appropriate space to address each category while maintaining focus and clarity.

I remain mindful of res judicata principles and the Court's prior orders, and I assure you that my forthcoming motion will address issues distinct from those already litigated. This request is made in good faith to ensure clarity and thoroughness in presenting the forthcoming motion.

Local Rule 7.1(b) does not require disclosure of the "substantive arguments" in advance of filing a subsequent motion. The focus of this conferral is solely on the procedural necessity of the word limit increase. Should you wish to confer further in good faith regarding the number of words necessary to meet the aforementioned, I am open to continuing this discussion. However, I respectfully maintain that sufficient justification for the procedural necessity of this request has been provided.

Thank you for your time and consideration. Please let me know if you have any further procedural concerns.


Respectfully,

**Cecile Jackson**
Plaintiff, *Pro Se*

ND Fla. Case #: 3:23-cv-03881-MCR-HTC


---

**From:** Grogan, Andrew (USAFLN)
**Sent:** Wednesday, December 18, 2024 9:00 PM
**To:** Cecile LegalCase
**Cc:** jacksonlegalcase@gmail.com
**Subject:** Re: Motion for Word Enlargement: 3:23-cv-03881

No, that is not correct. The local rules require the conference unless the outcome of the motion would decide the case. See Local Rule 7.1(D). That very often involves discussion of substantive though non-dispositive issues. Your request for more words would not decide the case. We are not

going to agree to the additional words unless you articulate at least in summary fashion what arguments you intend to make which have not been made before.

---

**From:** Cecile LegalCase
**Sent:** Wednesday, December 18, 2024 9:20 PM
**To:** Grogan, Andrew (USAFLN)

**Subject:** [EXTERNAL] Re: Motion for Word Enlargement: 3:23-cv-03881

Hello,

Thank you for your response.

I appreciate the importance of a meaningful conference under Local Rule 7.1(B), which is aimed at addressing procedural issues, such as word count increases, rather than requiring the advance disclosure of substantive arguments.

The forthcoming motion will present related, but distinct matters not addressed or considered in previous filings. This approach aligns with Federal Rule of Civil Procedure 7(b), which requires a motion to state its grounds upon filing, not during the conferral.

Your earlier email referenced prior counsel's extensive word usage and the "haphazard document dump into the summary judgment record." While both parties submitted over 20,000 words, unfortunately, I concur with your critique of prior presentation and docket state but must clarify that prior counsel did not effectively make my case.

Regarding the potential objection to the increase in word count, I assure you that my strategy differs significantly. The additional words are necessary to address the distinct, yet related legal issues and provide the Court with sufficient context for consideration. Local Rule 7.1(F) permits word count extensions under extraordinary circumstances, which I believe apply here due to the complexity of the new, but related issues involved. I hope you will reconsider.

In good faith and I am happy to continue discussing the procedural aspects of this motion.

Thank you for your understanding and consideration.

Respectfully,

**Cecile Jackson**
Plaintiff, *Pro Se*

ND Fla. Case #: 3:23-cv-03881-MCR-HTC

---

**From:** Grogan, Andrew (USAFLN)
**Sent:** Wednesday, December 18, 2024 1:09 PM
**To:** Cecile LegalCase
**Subject:** RE: Motion for Word Enlargement: 3:23-cv-03881

Ma'am,

Thank you for the Christmas good wishes. The same to you.

The Local Rule 7.1(B) requires an "attempt in good faith to resolve the issue through a meaningful conference." I would not ordinarily object to a party that needs a few more words to make fair arguments. But you and/or your attorneys have already said a great deal and had it rejected by the Court multiple times. So, in an effort at a meaningful conference, I'm simply asking what arguments not already made you intend to make which would necessitate 15,000 words. If you can articulate that, I might agree. If not, then we will simply make the same point to the Court in opposition to your motion.

Sincerely,

Andrew Grogan
Assistant U.S. Attorney

---

**From:** Cecile LegalCase
**Sent:** Wednesday, December 18, 2024 1:21 PM
**To:** Grogan, Andrew (USAFLN)
**Subject:** [EXTERNAL] Re: Motion for Word Enlargement: 3:23-cv-03881

Hello Mr. Grogan,

Thank you for your detailed response regarding the word limit extension request. I have carefully reviewed your concerns about prior filings and word counts.

While I understand your position, I respectfully disagree that I must preview the substance of my forthcoming motion during our Local Rule 7.1(B) conferral about word limits. The rule governs procedural conferral and does not require advance disclosure of substantive

arguments. Under Federal Rule of Civil Procedure 7(b), a motion must "state with particularity the grounds" when filed, not during conferral.

I assure you that I am mindful of the Court's guidance in its prior orders, including ECF 70. My forthcoming motion will address related but distinct issues not previously addressed in the summary judgment proceedings or reconsideration motion. The motion will comply with all applicable rules and be made in good faith, with appropriate legal and factual support.

I remain open to discussing the procedural aspects of this motion. Should you maintain your objection to the word limit extension, I will address it in my motion and defer to the Court's determination.

Thank you for your consideration.

**Case aside for a moment** – in this holiday season, I hope you and yours have a wonderful and Blessed Merry Christmas, Mr. Grogan.


Respectfully,


**Cecile Jackson**
Plaintiff, *Pro Se*



ND Fla. Case #: 3:23-cv-03881-MCR-HTC



**IMPORTANT:** This email and any attachments may contain confidential or privileged information intended only for the recipient. If you are not the intended recipient, please notify the sender immediately and delete this email from your system. Any unauthorized review, use, disclosure, or distribution of this email is prohibited.

---

**From:** Grogan, Andrew (USAFLN) ·
**Sent:** Wednesday, December 18, 2024 8:54 AM

**To:** Cecile LegalCase
**Subject:** RE: Motion for Word Enlargement: 3:23-cv-0388

Ms. Jackson,

Your attorney Marie Mattox filed a response to the Secretary's summary judgment motion totaling 14,780 words. Your attorney Marie Mattox filed a sur-reply totaling 1012 words. Your attorney Marie Mattox filed a supplemental brief totaling 1120 words. Then you filed a motion for reconsideration totaling 7,466 words. It thus appears you have had 24,378 words to make your case apart from your attorney's haphazard document dump into the summary-judgment record, which I think was over 7,000 pages of documents.

The Court has, however, correctly held that the plaintiff's some 17,000 words of summary judgment briefing did not "present[] any evidence that [you] suffered any mistreatment at all based on [your] race, or gender, or retaliation for complaining about discrimination on these grounds." ECF 44 at 35. The Court also held that your 7,466 word reconsideration motion did not present any grounds warranting relief. ECF 70 at 3.

I would like to remind you that the Court has cautioned you that your motion—I assume a Rule 60 motion—"should not be used to try to simply repackage the arguments the Court has already rejected twice over." ECF 70 at 4 n.3. If you do not follow those instructions, and we have to respond to the same thing over again, we intend to seek sanctions including attorney's fees. See 28 USC 1927; Fed. R. Civ. P. 11.

Assuming you intend to abide by the Court's instruction, I do not see any need for another filing up to 15,000 words. Unless you specifically articulate what you are bringing up now that has not been brought up before, the Secretary of the Air Force objects to the relief sought in your upcoming motion.

Sincerely,

Andrew Grogan
Assistant U.S. Attorney

---

**From:** Cecile LegalCase
**Sent:** Tuesday, December 17, 2024 9:16 PM
**To:** Grogan, Andrew (USAFLN)

**Subject:** [EXTERNAL] Motion for Word Enlargement: 3:23-cv-0388

Hello Mr. Grogan,

I hope this email finds you well.

The purpose of this message is to confer on a procedural matter under Local Rule 7.1(B).

I intend to file a motion to increase the word limit to 15, 000 for my forthcoming brief. This word count is consistent with the limit previously granted for the parties' summary judgment filings.

This request aims to address complex legal and factual matters concisely yet effectively under Rules 60 and 15, while respecting res judicata principles.

Please provide your stance on this upcoming motion by close of business Thursday, December 19, 2024. Should I not receive a response by said time, I will note in the motion that I attempted to confer as required.

Thank you in advance.

Merry Christmas,

**Cecile Jackson**
Plaintiff, *Pro Se*

N. D. Fla. Case #: 3:23-cv-03881-MCR-HTC

**IMPORTANT:** This email and any attachments may contain confidential or privileged information intended only for the recipient. If you are not the intended recipient, please notify the sender immediately and delete this email from your system. Any unauthorized review, use, disclosure, or distribution of this email is prohibited.